IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY A. MARTIN,

    Petitioner,                    No. CIV S-06-1463 DFL DAD P

    vs.

WARDEN KRAMER, et al.,         ORDER AND

    Respondents.             FINDINGS AND RECOMMENDATIONS

                              /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the court's order filed on July 21, 2006, petitioner submitted a signed application to proceed in forma pauperis.

        Examination of the in forma pauperis applications filed on June 16, 2006, and July 21, 2006, reveals that petitioner is unable to afford the costs of this suit. Accordingly, petitioner's applications to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner is incarcerated in Folsom State Prison pursuant to a judgment of conviction entered in the San Joaquin County Superior Court on September 1, 2004, after petitioner entered a plea of nolo contendere to the charge of possession of cocaine base for sale. Petitioner was sentenced to a prison term of ten years. On direct appeal, the California Court of Appeal affirmed petitioner's conviction on January 25, 2006, and the California Supreme Court

1

denied review on April 12, 2006.  Petitioner alleged a single claim on appeal, and he alleges the same claim in his timely federal habeas petition.

Petitioner's ground for relief is that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.  Petitioner alleges that the police, acting on a reliable confidential informant's tip that petitioner was selling drugs, found no contraband on petitioner but arrested him and, despite having no information that petitioner was selling drugs from his vehicle, extended their search to petitioner's vehicle, where contraband was found.  Petitioner contends that he was denied his constitutional rights under the Fourth Amendment.

Under the federal rules that govern cases brought pursuant to 28 U.S.C. § 2254, the court is required to examine a petitioner's application for a writ of habeas corpus before requiring the respondents to answer the petition or make an appropriate motion in response to it.  Rules 3(b) and 4, Fed. R. Governing § 2254 Cases.  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Rule 4, Fed. R. Governing § 2254 Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  As a general rule, federal habeas relief is not available for errors in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).

Fourth Amendment challenges are not cognizable in federal habeas proceedings where state procedure provided the petitioner with an opportunity for full and fair litigation of

such claims at trial and on direct review. Stone v. Powell, 428 U.S. 465, 495 (1976). It is well established that California Penal Code § 1538.5 provides such an opportunity. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval, 81 F.3d at 899.

The unpublished opinion of the California Court of Appeal in this case reveals the following facts: defense counsel moved to suppress the cocaine base on Fourth Amendment grounds, arguing that the officers did not have reasonable suspicion justifying the initial stop and frisk, did not have probable cause to place the defendant under arrest, and did not have probable cause to search the defendant's vehicle; the magistrate denied the motion, finding probable cause based on the past reliability of the confidential informant and the fact that the scene observed by the officers was as the informant described it; defense counsel unsuccessfully renewed the motion to suppress at the close of the preliminary hearing and again as part of a motion to dismiss. (Pet., Op. of Cal. Ct. of Appeal at 5.)

The appellate court gave careful consideration to petitioner's Fourth Amendment claim and disagreed with petitioner's contention that the officers obtained the cocaine base in violation of his Fourth Amendment rights. (Id., Op. at 6-14.) The appellate court found that the information known to the officers

> was sufficient to justify a reasonable belief that defendant was guilty of selling rock cocaine. The evidence established that a confidential informant who had given Officer Robinson accurate information in four or five cases over the preceding year saw a Black man of a certain height and weight, wearing a yellow cap and driving a white Ford Explorer, selling rock cocaine at the corner of Channel and Sierra Nevada. The informant made this observation from less than 100 feet away. Within 30 minutes of receiving this information, Officers Robinson and Rodriguez arrived at the location described by the informant and saw defendant, who matched the informant's description, right down to the yellow hat, standing on the corner with others present (including a patrol officer), with a white Ford Explorer parked

> nearby.  Under these circumstances, the officers could have reasonably entertained an honest and strong suspicion that defendant was guilty of a felony and therefore subject to valid arrest.
>
> Contrary to defendant's argument, the arrest of defendant was not "based solely on the reliability" of the informant.  On the contrary, numerous factors support the reasonableness of the officers' suspicion that defendant was guilty of selling rock cocaine, including the accuracy of the informant's previous tips in drug cases, the informant's direct observation of defendant's criminal activity, and the officers' independent corroboration of the information in the tip – namely, the location of the suspect, his race, height, weight, the color of the hat he was wearing, and the presence of a certain automobile nearby.

(Id., Op. at 8-9.)  The appellate court concluded that the officers "had probable cause to arrest defendant, and therefore the patdown and search of his vehicle were justified as parts of a valid search incident to arrest."  (Id., Op. at 14.)  On the basis of that conclusion, the appellate court ruled that the trial court did not err in denying the motion to suppress evidence.  (Id.)

State law provided petitioner with opportunities to litigate his Fourth Amendment claims, and he did litigate those claims in a motion to suppress prior to the preliminary hearing, at the close of the preliminary hearing, as part of a motion to dismiss, and on direct review.  It plainly appears from the face of petitioner's habeas petition and the exhibits thereto that petitioner is not entitled to federal habeas relief on his Fourth Amendment claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's applications to proceed in forma pauperis (#3 and #6) are granted;

2. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of petitioner's habeas petition (#1), upon the Attorney General of the State of California; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mart1463.156

5